PERCURIAM:
the claimants brought these consolidated claims for damage to their vehicles which occurred as a result of falling rocks on a road maintained by the respondent in Morgantown, Monongalia County. The Court is of the opinion to deny these claims for the reasons stated more fully below.
The chain of events giving rise to these claims occurred on January 28, 1998, beginning at approximately 7:00 a.m. on Monongahela Boulevard (Route 19) in the northwest-bound lanes, just below the Engineering Building on the campus of West Virginia University. Route 19 northwest-bound has two lanes. There is a steep high wall on the north side of the road. It is a known rock fall area and the respondent has installed a Falling Rock warning sigh.
On the day in question, the weather was dark and there was light rain. All three accidents occurred at approximately the same time. Claimant Paul Atkins was driving a 1991 Mazda in the passing lane at around 7:00 a.m., when his vehicle struck a large rock that had fallen from the hillside into the road. Mr. Atkins testified that the rock was on or near the line dividing the two lanes of traffic. Another vehicle was in the slow lane. He testified that the did not see the rock in time to avoid it. His vehicle sustained a flat tire and bent rim and was knocked out of alignment. He submitted into evidence repair bills in the amount of $220.64. He had a $250.00 insurance deductible.
Claimant Angela Hines was driving a 1991 Pontiac Grand Am in the passing lane at approximately 45 miles per hour. She testified that she encountered a number of rocks in the road which caused a flat tire and bent rim. She described the rock that she hit as being approximately 12 to 18 inches in diameter. Her out-of-pocket repair costs were $325.56, which included car rental.
Finally, claimant Richard Fiete was driving a 1991 Toyota Camry north on Route 19 in the slow lane when he, too, struck a large rock on the road, resulting in a flat tire and bent wheel on the left front tire. He submitted repair and towing bills in the amount of $463.22. His insurance deductible was $250.00.
The evidence adduced at hearing established that this area was a known rock fall area. At some time in 1997, the respondent had hired a contractor to clean and re-slope the benches along the high wall. Concrete barriers had also been placed along the shoulder in some areas to prevent rocks from rolling into the traveled lanes.
It is well established that the State is-neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkin vs. Sim, 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for road defects, this Court has held that claimants must prove that the respondent had actual or constructive notice and an opportunity to take reasonable-remedial steps. *140 Hamon vs. Dept. of Highways. 16 Ct. Cl. 127 (1986). IN KEEPING WITH THE FOREGOING, THE GENERAL RULE THAT HIS Court has adopted is that the unexplained falling of a rock onto a road, without an affirmative showing of negligence on the part of the respondent, is insufficient evidence upon which to justify an award. Coburn vs. Dept. of Highway, 16 Ct. Cl 68 (1985). In the rare decisions where the Court has found the respondent liable for rock fall damage, the Court found that the remedial steps taken by the respondent were either inadequate or nonexistent in response to known rock fall hazards.
In the present case, the evidence established that the respondent had contracted to clean the benches on the hillside in question, had placed barriers in some areas along the road, and had installed a warning sign. The evidence further established that the respondent sent its employees to remove the rocks within minutes of receiving notification of the January 28, 1998, rock fall. While sympathetic to the claimants’ situation, the Court is of the opinion that the respondent took reasonable steps to ensure the safety of traveling motorists and that there is insufficient evidence of negligence upon which to justify an award.
Therefore, in view of the foregoing, the Court does hereby deny these consolidated claims.
Claims disallowed.