PER CURIAM:
Claimants brought this action for damage done to their 1999 Toyota Corolla. The damage occurred on November 11, 2000, sometime between 6:30 p.m. and 8:00p.m., while the claimants’ daughter Rorena Wright was driving westbound on Route 220 near Petersburg, Grant County. Rorena W right was approaching a stop light, where respondent was conducting construction work. She testified that as she was slowing her vehicle down for the construction zone, she saw a rock falling off the hill. She maneuvered her vehicle in an attempt to avoid the rock, but was unable to do so. The rock damaged the passenger side door and part of the fender. The claimants’ had insurance coverage for this damage. The total damages were $1,090.05. The insurance deductible was $250.00, which claimants are seeking to recover.
Claimants contend that the respondent failed to provide adequate warning that this section of Route 220 was a rock fall hazard and that respondent was negligent in its maintenance of the hillside along route 220. Rorena Wright testified that she did not pass any “falling rock” signs on Route 220. She testified that there is only a sign warning drivers to reduce their speed for the signal light ahead. Rorena Wright also testified that there was construction work being done in the area of this incident.
It is respondent’s position that they did have the proper “falling rock” warning signs in place and that this was a known rock fall area, and that the construction being done in this area did not contribute to this incident.
Roy Bobo, foreman for the respondent in Grant County, testified that there are “falling rock” signs for both lanes of traffic in the area where this incident occurred. He testified that there was a sign approximately 700 to 800 feet from where this rock struck claimant’s vehicle, and that Rorena Wright would have passed it as she was traveling towards Petersburg. He testified that the sign had been in place in that same location since 1972. Mr. Bobo testified that the construction in the area involved the placement of piling along the river, but this construction would not have caused a rock to fall from the opposite hillside. It is a well established principle that the State is neither an insurer or guarantor of the safety of motorists upon its roads. Adkins v. Simms 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for road defects, this Court has held that claimants must prove that the respondent had actual or constructive notice and an opportunity to take reasonable remedial steps. Hamon v. Dept. of Highways, 16 Ct. Cl. 127 (1986). The general rule that this Court has adopted is that the unexplained falling of a rock onto a road, without an affirmative showing of negligence on the part of the respondent is insufficient evidence to justify an award. Coburn v. Dept. of highways, 16 Ct. Cl. 68 (1985). In rare decisions where the Court has found that the respondent liable for rock fall damages, the Court found that the remedial steps taken by the respondent were either inadequate or nonexistent in response to known rock fall hazards.
*17 In the present case, the evidence established that the respondent was aware that this was a known rock fall area and that they had in place adequate “rock fall” warning signs since 1972 to warn both lanes of traffic on this portion of Route 220 that this was a rock fall area. This Court has held that “rock fall” warning signs are reasonable remedial measures in such instances as this claim. Atkins v. Division of Highways 22 Ct. Cl. 138 (1998). White sympathetic to the claimants’ situation, the Court is of the opinion that the respondent took reasonable steps to ensure the safety of traveling motorists and that there is insufficient evidence of negligence upon which to make an award. In view of the foregoing, the Court does hereby deny the claim.
Claim disallowed.